IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID WALTERS,

    Plaintiff,

v.

PHILIP MORRIS USA INC; AND
R.J. REYNOLDS TOBACCO COMPANY,

    Defendants.

_____/

Case No.: 3:18-cv-75-J-20JBT

State Case No.: 2008-CA-000403-AAXX

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Philip Morris USA Inc. and R.J. Reynolds Tobacco Company ("Defendants"), pursuant to 28 U.S.C. §§ 1334, 1441, and 1446, and with full reservation of defenses, hereby remove this action from the Circuit Court of the Fourth Judicial Circuit, Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division. In support of its Notice of Removal, Defendants state as follows:

### BASIS FOR JURISDICTION

1. In this Notice of Removal, Defendants are exercising their right pursuant to 28 U.S.C. §§ 1334, 1441, and 1446 to remove all claims and causes of action asserted in the pending action captioned *In re: Engle Progeny Tobacco Litigation (Pertains To: David Walters)*, No. 2008-CA-000403-AAXX (Fla. 4th Cir. Ct.) (the "State Court Action"), from the Circuit Court of The Fourth Judicial Circuit, Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.

2. Plaintiff David Walters filed the State Court Action on January 9, 2008 and alleges, among other things, that he is a member of the decertified *Engle* class. Plaintiff seeks to recover damages for injuries allegedly caused by his addiction to smoking cigarettes containing nicotine.

1

1027616 v1

3. Subsequent to filing the State Court Action, Plaintiff filed a Chapter 7 bankruptcy on September 7, 2017 in the United States Bankruptcy Court for the Western District of North Carolina in a case captioned *In re: David Walters*, No. 17-20086 (Bankr. W.D.N.C.). Pursuant to 11 U.S.C. § 541(a)(1), the commencement of this bankruptcy case created an estate that owns "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition"). This Chapter 7 bankruptcy estate includes Plaintiff's interest in the State Court Action.

4. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1334 because the State Court Action is "related to" Plaintiff's bankruptcy case in the Western District of North Carolina. The State Court Action is therefore removable pursuant to 28 U.S.C. § 1441(a).

## BACKGROUND

5. On January 9, 2008, Plaintiff filed a lawsuit in the Circuit Court of the Fourth Judicial Circuit, Duval County, Florida as part of a multi-plaintiff complaint. *See* Compl., *Lewis, et al. v. R.J. Reynolds Tobacco Co.*, No. 2009-CA-000403 (Fla. 4th Cir. Ct. Jan. 9, 2008) (**Exhibit 1**). This multi-plaintiff complaint remains the operative complaint.

6. On November 18, 2008, the plaintiffs in the multi-plaintiff complaint filed a Notice To Clerk Regarding Separation of Cases in which they requested that each plaintiff be assigned "a specific suffix to the original case number for each individual Plaintiff." Notice To Clerk Regarding Separation of Cases, *Lewis, et al. v. R.J. Reynolds Tobacco Co.*, No. 2009-CA-000403 (Fla. 4th Cir. Ct. Nov. 18, 2008) (**Exhibit 2**).

7. Plaintiff's State Court Action was subsequently assigned the suffix "AAXX" by the Duval County Clerk and his case is now numbered 2008-CA-000403-AAXX.

8. In the State Court Action, Plaintiff alleges that he is a member of the decertified *Engle* class and seeks to recover damages for injuries allegedly caused by his addiction to smoking cigarettes containing nicotine. *See* **Exhibit 1** at ¶¶ 1.1-1.8.

9. Plaintiff named as defendants in the State Court Action (i) R.J Reynolds Tobacco Company, individually and as successor by merger to the Brown and Williamson Tobacco Corporation and The American Tobacco Company; (ii) Philip Morris USA, Inc.; (iii) Lorillard Tobacco Company; (iv) Liggett Group, LLC, f/k/a Liggett Group, Inc.; (v) Dorsal [sic] Tobacco Corp.; (vi) Vector Group, Ltd., Inc., f/k/a Brooke Group Holding Inc., f/k/a Brooke Group Ltd., Inc.; (vii) Council For Tobacco Research -- USA, Inc.; and (vii) The Tobacco Institute, Inc. *See id.* at caption.

    a. On December 26, 2013, Plaintiff filed a Notice of Dropping Defendants Liggett Group LLC and Vector Group Ltd. With Prejudice, in which he dismissed his claims against these two defendants. *See* Pls.' Notice of Dropping Defs. Liggett Group LLC And Vector Group Ltd. With Prejudice, *In re: Engle Progeny Tobacco Litig. (Pertains To: Wilner Firm Cases on Attached Exhibit A)*, No. 2008-CA-15000 (Fla. 4th Cir. Ct. Dec. 26, 2016) (**Exhibit 3**).

    b. On October 12, 2017, the Fourth Judicial Circuit granted on an "all-cases" basis the motion of R.J. Reynolds Tobacco Company to be substituted for Lorillard Tobacco Company in all *Engle* progeny cases, including in the State Court Action, because R.J. Reynolds Tobacco Company is the successor-by-merger to Lorillard Tobacco Company as a result of a corporate merger. *See* Order On

      R.J. Reynolds Tobacco Co.'s Mot. To Substitute For Lorillard Tobacco Company, *In re: Engle Progeny Tobacco Litig. (Pertains To: All Cases)*, No. 2008-CA-15000 (Fla. 4th Cir. Ct. Oct. 12, 2017) (**Exhibit 4**). Thus, Defendant Lorillard Tobacco Company is no longer a party to the State Court Action.

   c. The State Court Action Docket establishes that no summons were ever issued and that no returns of service were ever filed for (i) "Dorsal [sic] Tobacco Corp."; (ii) "Council For Tobacco Research -- USA, Inc."; and (iii) "The Tobacco Institute, Inc." *See* Dkt., *In re: Engle Progeny Tobacco Litig. (Pertains To: Wilner Firm Cases on Attached Exhibit A)*, No. 2008-CA-15000 (Fla. 4th Cir. Ct.) (**Exhibit 5**). The time to serve these defendants has long passed. *See* Fla. R. Civ. P. 1.070(j) (120-day time limit to serve initial process and pleadings).

   d. Thus, the only defendants who have been properly served in the State Court Action and not dismissed are Philip Morris USA Inc. and R.J. Reynolds Tobacco Company.

10.    On September 7, 2017, Plaintiff filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina. *See* Voluntary Petition For Individuals Filing Bankruptcy, *In re: David Walters*, No. 17-20086, ECF No. 1 (Bankr. W.D.N.C. Sept. 7, 2017) (**Exhibit 6**). In his bankruptcy petition, Plaintiff repeatedly failed to disclose his interest in the State Court Action, including by stating under oath that he has no (i) "[c]laims against third parties, whether or not [he has] filed a lawsuit or made a demand for payment"; or (ii) "[o]ther contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims." *Id.* at Schedule A/B, Nos. 33-34. Plaintiff

1027616 v1

also answered "no" to the question of "[w]ithin 1 year before [he] filed for bankruptcy, [was he] a party in any lawsuit, court action, or administrative proceeding." *Id.* at Statement of Financial Affairs, No. 9.[1]

11. Relying on Plaintiff's misstatements in his sworn bankruptcy petition, Chapter 7 Trustee Robert Pitts entered a report of no distribution, informing Plaintiff's creditors "that there is no property available for distribution from the estate over and above that exempted by law." *See* Dkt. at 10/13/2017, *In re: David Walters*, No. 17-20086 (Bankr. W.D.N.C.) (**Exhibit 8**).

12. After filing his report of no distribution, the Trustee became aware that Plaintiff failed to disclose his interest in the State Court Action in his bankruptcy schedules. *See* Trustee's Response To Mot. To Am. and Objection, *In re: David Walters*, No. 17-20086, ECF No. 22 (Bankr. W.D.N.C. Jan. 1, 2018) ("The Trustee filed the Report of No Distribution on October 13, 2017 and subsequently was informed that the debtor is a party in a class action lawsuit against a tobacco company.") (**Exhibit 9**).

13. On December 12, 2017, the Trustee filed a Notice of Withdrawal of Report of No Distribution. *See* Notice of Withdrawal of Report of No Distribution, *In re: David Walters*, No. 17-20086, ECF No. 11 (Bankr. W.D.N.C. Dec. 12, 2017) (**Exhibit 10**).

---

[1] In his interrogatory responses served in the State Court Action, Plaintiff stated that he filed bankruptcy in 2001, but no record of a 2001 bankruptcy filing can be located. *See* Pl.'s Response and Objections To Def.'s First Set of Interrogatories at No. 16, *In re: Engle Progeny Tobacco Litigation (Pertains To: David Walters)*, No. 2008-CA-000403-AAXX (Fla. 4th Cir. Ct. Sept. 6, 2017) (**Exhibit 7**). A search of federal court records shows that Plaintiff may have filed Chapter 7 bankruptcy on March 28, 2002 in the United States Bankruptcy Court for the Middle District of Florida, in a case that was captioned *In re: David George Walters*, No. 6:02-bk-05650-ABB (Bankr. M.D. Fla.). Counsel for Defendants requested a copy of this 2002 bankruptcy file from the clerk in early December 2017, but it is not yet available (and the documents are not available on Pacer due to age). It is possible that the State Court Action will also "relate to" Plaintiff's now-closed 2002 Chapter 7 bankruptcy, but a copy of the records is necessary to evaluate this issue.

1027616 v1

14. On December 15, 2017, Plaintiff filed a Motion To Amend Schedule C of his bankruptcy petition and disclosed for the first time to the bankruptcy court and his creditors that he "is a party to a class action lawsuit filed in 2008 in The Circuit Court of the Fourth Circuit in and for Duval County, FL. The case number is: 2008-CA-000403." Mot. To Am. Schedule C (Ex Parte), *In re: David Walters*, No. 17-20086, ECF No. 17 (Bankr. W.D.N.C. Dec. 15, 2017) (**Exhibit 11**). Plaintiff claimed that he "inadvertently forgot to list this claim against a third party because the litigation is almost 10 years old." *Id.*

15. On January 1, 2018, the Trustee filed his response and objection to Plaintiff's Motion To Amend. *See* Trustee's Response To Mot. To Am. and Objection, *In re: David Walters*, No. 17-20086, ECF No. 22 (Bankr. W.D.N.C. Jan. 1, 2018) (**Exhibit 9**). In his objection, the Trustee explains that Plaintiff's Motion is inaccurate insofar as it describes the State Court Action as a "class action lawsuit" because "the referenced cause of action is now a separate case involving the debtor as the sole plaintiff, not as part of a class action lawsuit." *Id.* The Trustee objected to Plaintiff's request to amend his schedules based on excusable neglect because "[t]he same day that the Petition was filed, September 7, 2017, Answers to Interrogatories were filed by the debtor and his attorneys in the Florida lawsuit. It is clear that the fact that the case was pending should have been very much on the debtor's mind when the bankruptcy petition was prepared and filed." *Id.*

16. A hearing will be held on Plaintiff's Motion To Amend and the Trustee's objection on January 16, 2018. *See* Dkt. at 1/1/2018, *In re: David Walters*, No. 17-20086 (Bankr. W.D.N.C.) (noting that a "[h]earing [is] scheduled for 1/16/2018 at 09:30 AM") (**Exhibit 8**).

## REMOVAL IS APPROPRIATE

17. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1334 because the State Court Action is "related to" a bankruptcy case proceeding under Title 11 of the Bankruptcy Code, *i.e.*, Plaintiff's Chapter 7 bankruptcy case pending in the Western District

6

1027616 v1

of North Carolina. *See* 28 U.S.C. § 1334(b) ("Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.").

18. An action is "related to" a bankruptcy proceeding if it could conceivably have an effect on the debtor's estate. *See, e.g., In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." (alteration in original) (quoting *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) and *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984))); *see also In re Alvarez*, 200 B.R. 259, 261 (Bankr. M.D. Fla. 1996) (same); *In re Jet Network, LLC*, 457 B.R. 895, 901 (Bankr. S.D. Fla. 2011) ("The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." (quotation marks and citations omitted)). Because the key word in this test is "conceivably," the Eleventh Circuit has observed that the jurisdictional grant under 28 U.S.C. § 1334(b) is "extremely broad." *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999).

19. Under 11 U.S.C. § 541(a)(1), the State Court Action is an asset of Plaintiff's Chapter 7 bankruptcy estate in the Western District of North Carolina. *See* 11 U.S.C. § 541(a)(1) (the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable

7

interests of the debtor in property as of the commencement of the case").[2] The State Court Action is therefore "related to" Plaintiff's Chapter 7 bankruptcy in the Western District of North Carolina because it "could conceivably have an effect on the estate being administered in bankruptcy." *In re Boone*, 52 F.3d at 960.

20. Because district courts have "original jurisdiction" over actions that are "related to" a bankruptcy, such cases "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) ("Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## PROCEDURAL REQUIREMENTS

21. This removal is timely pursuant to 28 U.S.C. § 1446(b)(3). *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through

---

[2] *See also, e.g., Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it."); *id.* ("In this case, Parker's discrimination claim became an asset of the bankruptcy estate when she filed her petition."); *Chen v. Siemens Energy Inc.*, 46 F. App'x 852, 853–54 (11th Cir. 2012) ("Here, we conclude that Chen's Title VII claim became part of her bankruptcy estate upon the filing of her Chapter 7 petition."); *Oswalt v. Sedgwick Claims Mgmt. Services, Inc.*, 624 F. App'x 740, 740-41 (11th Cir. 2015) ("The start of a bankruptcy case creates an estate made up of nearly all of the debtor's assets. . . . Causes of action belonging to a debtor at the initiation of bankruptcy become part of the bankruptcy estate. . . . In this case, Oswalt's claims against BellSouth and Sedgwick became a part of Oswalt's bankruptcy estate when he filed for Chapter 7 bankruptcy. . . . Since the trustee never abandoned the cause of action, and Oswalt failed to properly disclose the cause of action to the bankruptcy court, the cause of action is still property of the bankruptcy estate . . ." (citation omitted)).

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").[3]

22. This case was not removable under 28 U.S.C. § 1334 and 28 U.S.C. § 1441(a) based on the initial pleading (*e.g.*, the multi-plaintiff complaint attached as **Exhibit 1**), and no "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" was previously served in the State Court Action that would have triggered the 30-day window to remove this action.[4] Counsel for Defendants learned about Plaintiff's Chapter 7 bankruptcy in North Carolina on December 6, 2017 – within 30 days of the date of filing this Notice of Removal. Thus, this removal is timely under 28 U.S.C. § 1446(b)(3).

23. Venue exists in the Middle District of Florida, Jacksonville Division, because the Fourth Judicial Circuit Court, Duval County, Florida, is within the Jacksonville Division. *See* 28 U.S.C. § 89(b); 28 U.S.C. § 1441(a).[5]

24. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Circuit Court of the

---

[3] *See also In re Jet Network, LLC*, 457 B.R. 895, 900-01 (Bankr. S.D. Fla. 2011) ("Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, motions, orders or other papers, not through a subjective knowledge or a duty to make further inquiry. . . . Thus, the Court must objectively determine when, by 'copy of an amended pleading, motion, order or other paper,' [the defendant] became aware that the [state court case] was removable. In a case removed based on bankruptcy jurisdiction under 28 U.S.C. § 1334, this means, when did [the defendant] receive a court paper presenting facts establishing that this court would have 'related to' jurisdiction over the [state court case]." (citations omitted)).

[4] Plaintiff's Complaint alleged that "Defendant Vector Group, Ltd. is a Florida Corporation." Compl. at ¶2.2, *Lewis, et al. v. R.J. Reynolds Tobacco Co.*, No. 2009-CA-000403 (Fla. 4th Cir. Ct. Jan. 9, 2008) (**Exhibit 1**). Thus, diversity jurisdiction did not exist when the State Court Action was filed.

[5] By filing this Notice of Removal, Defendants do not intend to waive any of their substantive or procedural arguments in this matter, including those directed at venue.

9

1027616 v1

Fourth Judicial Circuit, Duval County, Florida, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as **Exhibit 12**.

25. This Notice of Removal will also promptly be served on Chapter 7 Trustee Robert Pitts, who is the trustee in Plaintiff's bankruptcy case pending in the Western District of North Carolina.

26. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), copies of all process, pleadings, orders and other papers or exhibits served on the Defendants in the State Court Action are attached as **Exhibit 13**.

27. Both Defendants in the State Court Action (Philip Morris USA Inc. and R.J. Reynolds Tobacco Company) join and consent to the removal of the State Court Action to this Court.

WHEREFORE, Notice is hereby given that Defendants Philip Morris USA Inc. and R.J. Reynolds Tobacco Company remove this case from the Circuit Court of the Fourth Judicial Circuit, Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division.

Dated: January 5, 2018

                                            Respectfully submitted,

                                            */s/ John M. Lyons*
                                            John M. Lyons
                                            Fla. Bar No.: 91824
                                            jlyons@shb.com
                                            SHBPMAttyDuval@shb.com
                                            SHOOK, HARDY & BACON L.L.P.
                                            Two Commerce Square
                                            2001 Market Street, Suite 3000
                                            Philadelphia, PA 19103

1027616 v1

Telephone: 215-575-3120
Facsimile: 215-278-2594

Daniel F. Molony *(Trial Counsel)*
Florida Bar No. 271330
dmolony@shb.com
SHBPMAttyDuval@shb.com
W. Edwards Muñiz
Florida Bar No. 38573
wmuniz@shb.com
SHBPMAttyDuval@shb.com
Adrianna M. Paris
Florida Bar No. 99603
aparis@shb.com
SHBPMAttyDuval@shb.com
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602
Telephone: 813-202-7100
Facsimile: 813-221-8837

Dana G. Bradford, II
Florida Bar No. 167542
dgbradford@sgrlaw.com
apelegrin@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6103
Facsimile: 904-598-6203

*Counsel for Defendant Philip Morris USA Inc.*


*/s/ Edward M. Carter*
*(Signed by Filing Attorney with permission of Non-filing Attorney)*
Stephanie E. Parker
Florida Bar No. 688355
separker@jonesday.com
John M. Walker
Florida Bar No. 691021
jmwalker@jonesday.com
Edward M. Carter
Florida Bar No. 94220
emcarter@jonesday.com
sberesheim@jonesday.com

11

1027616 v1

JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone: 404-521-3939
Facsimile: 404-581-8330

Robert B. Parrish
Florida Bar No. 268739
rbp@mppkj.com
Reynolds@mppkj.com
David C. Reeves
Florida Bar No. 72303
dcreeves@mppkj.com
Reynolds@mppkj.com
Jeffrey A. Yarbrough
Florida Bar No. 14892
jyarbrough@mppkj.com
Reynolds@mppkj.com
MOSELEY, PRICHARD, PARRISH, KNIGHT
& JONES
501 West Bay Street
Jacksonville, FL 32202
Telephone: 904-356-1306
Facsimile: 904-354-0194

*Counsel for Defendant R.J. Reynolds Tobacco Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2018, the foregoing was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel listed on the attached service list this 5th day of January, 2018.

/s/ *John M. Lyons*
John M. Lyons
Fla. Bar No.: 91824
jlyons@shb.com
SHBPMAttyDuval@shb.com
SHOOK, HARDY & BACON L.L.P.
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-575-3120
Facsimile: 215-278-2594

*Counsel for Philip Morris USA Inc.*

## SERVICE LIST

***Counsel for Plaintiff:***
Norwood S. Wilner, Esq.
Richard J. Lantinberg, Esq.
A. Jay Plotkin, Esq.
THE WILNER FIRM
444 E. Duval Street
Jacksonville, FL 32202
nwilner@wilnerfirm.com
tthompson@wilnerfirm.com
rlantinberg@wilnerfirm.com
jplotkin@wilnerfirm.com

Charles Farah, Esq.
Eddie Farah, Esq.
FARAH & FARAH, P.A.
10 W. Adams Street
Jacksonville, FL 32202
cfarah@farahandfarah.com
efarah@farahandfarah.com

Tim Howard, Esq.
Christina J. Opsahl, Esq.
Miguel A. Amador, Esq.
Jaakan A. Williams, Esq.
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
tim@howardjustice.com
christina@howardjustice.com
miguel@howardjustice.com
jaakan@howardjustice.com
kyla@howardjustice.com
maxine@howardjustice.com

***Chapter 7 Trustee:***
Robert M. Pitts
Pitts, Hay & Hugenschmidt, P.A.
14 Clayton St. Suite A
Asheville, NC 28801
Bpitts@Phhlawfirm.com

14

1027616 v1