FILED
IN COMPUTER
N. M.

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO:
DIVISION: 16- 2009 -CA- 000403

**DIVISION CV-F**

AZA LEE LEWIS; MARY ELLEN LEWIS;
PRISCILLA LEWIS; LUCILLE LONG; MARY
MOORE; TINA MURPHY; JAMIE NOLES;
THOMAS OATES; MALVINE OLIN; ALLEN
PHILPOT; BERNICE PORTER; CALVIN
POWELL; EDITH PRENTICE; CAROLYN
RILEY; ORLIS ROBERTS; WILLIAM SEIDEL;
JOHN SHELTON; JOHNNIE SIMS; GREGORY
SMITH; JOHN STROUD; GERALDINE
SWANS; ARTHUR THOMAS; CHRISTINE
THOMPSON; BILL TOZER; RAYMOND
TURSKI; FLORANCE UTLEY; DAVID
WALTERS; LEROY WILLIAMS; EUGENE
WINGO; and KATHLEEN WYDRA,

CASE NO:

*Plaintiffs,*

vs.

R.J. REYNOLDS TOBACCO COMPANY,
individually and as successor by merger to the
BROWN AND WILLIAMSON TOBACCO
CORPORATION and the AMERICAN
TOBACCO COMPANY; PHILIP MORRIS USA,
INC.; LORILLARD TOBACCO COMPANY;
LIGGETT GROUP, LLC, f/k/a LIGGETT
GROUP, INC.; DORSAL TOBACCO CORP.;
VECTOR GROUP, LTD., INC., f/k/a BROOKE
GROUP HOLDING INC., f/k/a BROOKE
GROUP LTD., INC.; COUNCIL FOR
TOBACCO RESEARCH -- USA, INC.; THE
TOBACCO INSTITUTE, INC.,,

*Defendants.*

_____/

# COMPLAINT

Plaintiffs hereby sue Defendants as follows:

## 1. INTRODUCTION AND GENERAL ALLEGATIONS

1.1   This is a complaint seeking compensatory and punitive damages in accordance with the Florida Supreme Court's class action decision and mandate in *Engle v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006).

1.2   In approving the Engle Phase I class certification and trial, but ordering post Phase I class decertification, the Florida Supreme Court provided this opportunity to complete unresolved damages claims. The Court held: "that it was proper to allow the jury to make findings in Phase I on Questions 1 (general causation), 2 (addiction of cigarettes), 3 (strict liability), 4(a) (fraud by concealment), 5(a) (civil-conspiracy-concealment), 6 (breach of implied warranty), 7 (breach of express warranty), and 8 (negligence). Therefore, these findings in favor of the Engle class can stand." The Court further held that specified liability and general causation findings by the Engle jury did not need to be proved again as they shall be given res judicata effect. Consequently, Plaintiffs bring this action upon the limited remaining issues in dispute, to-wit: specific causation, apportionment of damages, comparative fault, compensatory damages, entitlement to punitive damages, and punitive damages.

1.3   Plaintiffs were at times material residents of the State of Florida, suffering from a tobacco related illness within the time frames defined by Engle, and otherwise were members of the Engle class.

1.4   Alternatively, Plaintiffs were at times material residents of the State of Florida, married to a smoking plaintiff who suffering from a tobacco related illness, living as husband and wife (collectively, the "Consortium Plaintiffs")

1.5   Each Plaintiff and Consortium plaintiff brings a claim for damages exceeding this Court's jurisdictional minimum. Subject matter jurisdiction is proper, pursuant to 28 U.S.C. § 1331.

1.6   Plaintiffs purchased, smoked, and were addicted to cigarette products manufactured and sold by Defendants which were the subject of *Engle*. They were designed, manufactured, advertised, marketed, and sold by the Defendants at all times material to these claims.

1.7   At all times relevant to this action, each Smoking Plaintiff herein was

   1.7.1   addicted to, purchased, and smoked cigarettes containing nicotine that were designed, manufactured, advertised, and marketed by one or more of the Defendants, and

   1.7.2   did so in sufficient quantities and for a sufficient time period to cause or substantially contribute to causing injury or aggravation of a preexisting

condition in the form of diseases and medical conditions, including the form of diseases and medical conditions that ultimately resulted in the injuries of each Smoking Plaintiff.

1.8  As a direct and proximate result of smoking cigarettes manufactured and sold by one or more Defendants, each Smoking Plaintiff suffered from one or more of the diseases and medical conditions described above. The diseases and medical conditions suffered by each Smoking Plaintiff was a result of his or her addiction to cigarettes that contain nicotine, and each Smoking Plaintiff's diseases or medical conditions manifested during the class period and caused the injuries of all Plaintiffs.

1.9  Each Smoking Plaintiff bears some measure of fault, but less than 100% of the applicable fault, for causing his or her respective smoking-related injuries. Each Smoking Plaintiff's acts or omissions relating to the frequency and duration of their efforts to quit smoking were a partial proximate cause, in combination with the acts and omissions of Defendants, of their injuries. All Plaintiffs therefore seek apportionment of fault and damages on all Counts other than those alleging intentional torts.

1.10  As a direct and proximate result of Plaintiffs' smoking of Defendants' cigarettes, Plaintiffs have and will suffer: mental and emotional pain, medical and financial expenses, and shortened life expectancy. Plaintiffs' cigarette-related illnesses resulted in aggravation of previously existing conditions, physical pain and suffering, mental and emotion distress, medical expenses, and shortened life expectancy. Plaintiffs claim all damages allowed by law.

1.11  Additionally, Consortium Plaintiffs of the injured smokers have and will suffer the loss of the injured smokers' love, affection, support, services, protection, companionship, instruction and guidance, including past and future deprivation of the comfort, society and consortium of their spouse.

1.12  The threshold requirement for pleading punitive damages has been previously met in the *Engle* Phase I proceeding.

## 2. DEFENDANTS

2.1  The Defendants are manufacturers of cigarettes, or their successors/predecessors are manufacturers of cigarettes, and they are foreign corporations doing business in Florida who, at times material to this action, designed, manufactured, advertised, marketed, and sold tobacco products for human consumption which proximately caused injury to Plaintiffs.

2.2  Defendant Vector Group, Ltd. is a Florida corporation. All other defendants are foreign corporations doing business in Florida.

## 3 COMMON LIABILITY FINDINGS

3.1 Plaintiffs assert the jury findings in the Phase I *Engle* trial which were given **res judicata** effect by the Florida Supreme Court, including but not limited to the following:

    3.1.1 Smoking cigarettes causes aortic aneurysm, bladder cancer, cerebral vascular disease, cervical cancer, chronic obstructive pulmonary disease, coronary heart disease, esophageal cancer, kidney cancer, laryngeal cancer, lung cancer (specifically, adenocarcinoma, large cell carcinoma, small cell carcinoma, and squamous cell carcinoma), complications of pregnancy, oral cavity/tongue cancer, pancreatic cancer, peripheral vascular disease, pharyngeal cancer, and stomach cancer.

    3.1.2 Nicotine is addictive.

    3.1.3 All of the Defendants placed cigarettes on the market that were defective and unreasonably dangerous.

    3.1.4 All of the Defendants concealed or omitted material information not otherwise known or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes or both.

    3.1.5 All of the Defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment.

    3.1.6 All of the Defendants sold or supplied cigarettes that were defective.

    3.1.7 All Defendants sold or supplied cigarettes that, at the time of sale or supply, did not conform to representations of fact made by Defendants.

    3.1.8 All of the Defendants were negligent.

## 4 COUNT FOR STRICT LIABILITY

4.1 The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

4.2 With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that the cigarettes sold and placed on the market by Defendants were defective and unreasonably dangerous.

## 5  COUNT FOR BREACH OF EXPRESS WARRANTY

5.1  The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

5.2  With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that cigarettes sold and placed on the market by Defendants were defective and breached Defendants' express warranty.

## 6  COUNT FOR BREACH OF EXPRESS WARRANTY

6.1  The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

6.2  With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that cigarettes sold and placed on the market by Defendants were defective and breached Defendants' implied warranty.

## 7  COUNT FOR CIVIL CONSPIRACY TO FRAUDULENTLY CONCEAL

7.1  The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

7.2  With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that Defendants, the Council, and the Institute, agreed to conceal or omit information regarding the health effects of cigarettes, or their addictive nature, with the intention that smokers and the public would rely on this information to their detriment.

7.3  The Defendants' actions, and those of the Council and Institute, constitute a successful conspiracy to commit fraud.

## 8  COUNT FOR FRAUDULENT CONCEALMENT

8.1  The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

8.2  With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that Defendants concealed or omitted material information not otherwise known, or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes, or both.

8.3   The Defendants' actions constitute fraud.

## 9   COUNT FOR NEGLIGENCE

9.1   The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

9.2   With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that all Defendants were negligent.

## 10   LOSS OF CONSORTIUM

10.1   All allegations above are re-alleged and incorporated herein by reference.

10.2   As a proximate result of smoking the defective cigarettes sold and placed on the market, one or more Defendants caused additional and separate damages to the Consortium Plaintiffs, as the spouse of the respective Smoking Plaintiff, for loss of the comfort, companionship, society, support, and services of the respective spouse.

## 11   CAUSATION AND DEMAND

11.1   As a proximate result of the actions of the defendants as stated above each Smoking Plaintiff has suffered severe and permanent bodily injury; resulting pain and suffering; permanent and total disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the expense of hospital, medical and nursing care and treatment; loss of earnings; and loss of ability to earn money. These injuries and losses have been suffered in the past, are permanent and continuing, and as such will be suffered into the future.

11.2   Wherefore for the above-listed counts, all Plaintiffs demand a trial by jury on all issues so triable, and judgment against each Defendant and every one of them for: compensatory damages for all injuries and losses described above; all recoverable costs of this action; all legally recoverable interest; and any other relief to which each Plaintiff may be legally or equitably entitled, respectively.

DATED this 9th day of January, 2008.

WILNER BLOCK, P.A.

Norwood S. "Woody" Wilner
Florida Bar No.: 222194
Stephanie J. Hartley
Florida Bar No.: 0997846

**WILNER BLOCK, P.A.**
3127 Atlantic Boulevard, Suite 3
Jacksonville, Florida 32207
Telephone: ) 446-9817
Facsimile:   (904) 446-9825

**Charlie Easa Farah, Jr.**
Florida Bar No.: 870080
**Farah & Farah, P.A.**
10 West Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 396-5555
Facsimile:   (904) 358-2424

**Michael A. London**
Federal Court No.: 7510
**Douglas & London, P.C.**
111 John Street, 14th Floor
New York, New York 10038
Telephone: (212) 566-7500
Facsimile:  (212) 566-7501

*Attorneys for Plaintiffs*